IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT JOHENKINS, | : Civil No. 3:25-CV-007 |
| Plaintiff, | : |
| | : (Judge Munley) |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| ROBERT WILLIAMS, et al., | : |
| Defendants. | : |

REPORT AND RECOMMENDATION

I. Factual Background

This case comes before us for screening review of the *pro se* prisoner-plaintiff's civil complaint. (Doc. 1). The plaintiff, Robert Johenkins, brings this civil rights complaint against Officer Robert Williams of the Carbondale Police Department, as well as four other individual defendants. (Doc. 1). The complaint asserts that on June 21, 2022, Johenkins was stopped by Officer Williams, who he claims was not acting in his official capacity, which led to a search of Johenkins' vehicle and his subsequent arrest. (*Id.* at 4). He alleges that this stop, search, and arrest violated his rights under the Fourth Amendment. (*Id.* at 5). As relief, he requests compensatory damages. (*Id.*). A review of the state

court docket in Johenkins' underlying criminal case indicates that Johenkins' pleaded guilty to manufacturing, delivering, or possession with intent to manufacture or deliver a controlled substance in May of 2024 and was sentenced to a maximum of four years in prison. *See Commonwealth v. Johenkins*, CP-35-CR-0001654-2022.[1]

Along with his complaint, Johenkins filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). We will grant the motion for leave to proceed *in forma pauperis* for screening purposes only but after consideration, we will recommend that the complaint be dismissed.

## II. Discussion

### A. Screening of *Pro Se* Complaints – Standard of Review

We have a statutory obligation to preliminarily review *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). We review such complaints to determine whether there are frivolous or malicious claims, or if the complaint fails to state a claim upon which relief may be granted. *Id.* This statutory

---

[1] We may take judicial notice of the public docket in Johenkins' underlying state criminal case. *Orabi v. Att'y Gen.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket.").

preliminary screening mirrors review under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this legal benchmark, under federal pleading standards a plaintiff is required to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

As the Third Circuit Court of Appeals has aptly summarized:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, if the complaint relies on the contents of a document not physically

4

attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on any other part of the record when deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261.

Finally, when reviewing a *pro se* complaint, we are reminded that such complaints are to be construed liberally, "so 'as to do substantial justice.'" *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (quoting Fed. R. Civ. P. 8(f)). We must apply the relevant law even if the *pro se* plaintiff does not mention it by name. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).

### B. This Complaint should be Dismissed.

After a review of the complaint, we conclude that Johenkins' complaint failed to state a claim upon which relief can be granted. First, Johenkins' claim is plainly barred by the statute of limitations. Second, Johenkins does not allege any personal involvement by any of the defendants other than Officer Williams. Finally, Johenkins' complaint fails to state a Fourth Amendment claim against Officer Williams. Accordingly, we recommend that this complaint be dismissed.

The statute of limitations for § 1983 claims mirrors the state's statute of limitations for personal injury claims. *Kach v. Hose*, 589 F.3d 626, 639 (3d Cir. 2009). In Pennsylvania, this limitations period is two years from the date the cause of action accrued. *See* 42 Pa. Cons. Stat. § 5524. The limitations period begins to run "when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach*, 589 F.3d at 634) (quotations omitted).

Johenkins alleges that the unlawful search and seizure of his car, as well as his arrest, occurred on June 21, 2022. (Doc. 1 at 4). But Johenkins did not file the instant complaint until January 2, 2025, more than two years after the alleged unlawful conduct. Accordingly, Johenkins' claims are plainly barred by the two-year statute of limitations and should be dismissed.

Further, with respect to Defendants Perechinski, Rock, Jeffery, and Mang, there is no indication that any of these individuals were involved in the conduct alleged by Johenkins. It is well settled that liability under § 1983 requires a plaintiff to show that the defendant had personal involvement in the alleged constitutional violation. *Rode v. Dellarciprete*,

845 F.2d 1195, 1207-08 (3d Cir. 1988). Personal involvement may be shown through allegations regarding the defendant's own conduct, or that the defendant had knowledge of the unconstitutional conduct and acquiesced in the behavior. *Id.* Here, there are no facts alleged in the complaint regarding these defendants' involvement. Accordingly, any Fourth Amendment claim against them should be dismissed.

    Finally, even if Johenkins' claims were not time-barred, he has failed to state a claim against Officer Williams for an illegal search and false arrest in violation of the Fourth Amendment. The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures. U.S. Const. amend IV; *Brower v. Cnty. of Inyo*, 489 U.S. 593, 595 (1989). To state a Fourth Amendment claim, a plaintiff must plead facts to show that "the defendants' actions (1) constituted a 'search' or 'seizure' within the meaning of the Fourth Amendment, and (2) were 'unreasonable' in light of the surrounding circumstances." *Open Inns, Ld. V. Chester Cnty. Sheriff's Dep't*, 24 F. Supp. 2d 410, 424 (E.D. Pa. 1998) (citations omitted). Additionally, a plaintiff asserting a claim of false arrest under the Fourth Amendment must allege that he was arrested without probable cause. *See Berg v.*

7

*County of Allegheny*, 219 F.3d 261, 269 (3d Cir. 2000); *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995).

Here, Johenkins asserts in a vague and conclusory fashion that Officer Williams unlawfully stopped him, searched his vehicle, and arrested him. (Doc. 1 at 4-5). Johenkins provides no further factual allegations concerning the traffic stop and search of his vehicle. Instead, he curiously asserts that Officer Williams, who he claims was in a marked patrol car, was not acting in his official capacity when he stopped Johenkins. These bare allegations are insufficient to state a claim for unreasonable search and seizure in violation of the Fourth Amendment.

Additionally, to the extent Johenkins is asserting a false arrest claim under § 1983, he must allege that he was arrested without probable cause. Here, any claim that Johenkins was falsely arrested is belied by his criminal conviction and guilty plea to the drug trafficking charges. *See Rosembert v. Borough of East Lansdowne*, 14 F. Supp. 3d 631, 641 (E.D. Pa. 2014) (finding that probable cause was established by the plaintiff's guilty plea); *Kokinda v. Breiner*, 557 F. Supp. 2d 581, 593 (M.D. Pa. 2008) (same). Accordingly, any false arrest claim fails as a matter of law.

Accordingly, because we have concluded that Johenkins' claims arising out of the June 2022 stop are barred by the statute of limitations, we recommend that this complaint be dismissed with prejudice, as any amendment would be futile. *See See Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111-12 (3d Cir. 2013) (dismissal of a complaint with prejudice was warranted where claims were time-barred and, as such, "any [] amendment would be futile."); *Robinson v. Southeastern Pennsylvania Transp. Auth.*, 572 F. Supp. 3d 136, 143 (E.D. Pa. 2021) ("Amendment is futile if the amendment 'would not be able to overcome the statute of limitations.'") (citation omitted).

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint be DISMISSED WITH PREJUDICE.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties,

written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination because of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this  day of February 2025.

>*s/ Daryl F. Bloom*
>Daryl F. Bloom
>Chief United States Magistrate Judge